MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

BENJAMIN KINGSLEY (NYBN 4758389)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    benjamin.kingsley@usdoj.gov

Attorneys for the United States

**FILED**
SEP 03 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>SUBPOENA TO TESTIFY BEFORE GRAND JURY | CASE NO: 15-80207 MISC JSC<br><br>UNITED STATES' MOTION TO FILE OPPOSITION UNDER SEAL AND EX PARTE AND [~~PROPOSED~~] ORDER<br><br>**UNDER SEAL AND EX PARTE** |

    On March 25, 2015, the United States served a subpoena on behalf of the grand jury on an attorney, Nikhil Bhatnagar. Ex. 1. Bhatnagar filed a motion to quash the subpoena on the grounds that the communications and documents at issue may be subject to attorney-client privilege or work product privilege, and that, even if he believed the crime-fraud exception to attorney-client privilege applied, he could not, unilaterally, decide that the privilege did not apply and provide the requested documents without a court order. Dkt. 1, 2.

    The government is filing an opposition to this motion. Because the government's opposition discusses the details of a sensitive, ongoing grand jury investigation, and references materials subject to Federal Rule of Criminal Procedure 6(e), the government respectfully requests that the Court order that

this opposition, as well as this motion to file under seal and *ex parte*, be filed under seal and *ex parte*. Government counsel is not permitted to disclose the existence or the details of this grand jury investigation to anyone, including counsel for Bhatnagar. Fed. R. Crim. P. 6(e)(2)(B)(vi) (providing that "an attorney for the government" may not "disclose a matter occurring before the grand jury).

    The Court may deny Bhatnagar's motion *ex parte*, in light of the sensitivity of the ongoing grand jury investigation into these matters. Given the importance of confidentiality for ongoing grand jury investigations, many courts have held that a district court need not hold an "adversarial minitrial" when determining whether the crime-fraud exception applies to otherwise privileged communications. *See, e.g., United States v. Kerr*, 2012 WL 2919450 at *3 (D. Ariz. July 17, 2012) (citing *In re Grand Jury Proceedings (Doe)*, 983 F.2d 1076 (9th Cir.1993)); *In re Vargas*, 723 F.2d 1461, 1467 (10th Cir. 1983) ("[T]he determination of whether the government shows a prima facie foundation . . . can be made ex parte and a preliminary minitrial is not necessary.").

DATED: August 24, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/ Kyle F. Waldinger for
BENJAMIN KINGSLEY
Assistant United States Attorney

1 [PROPOSED] ORDER

2 The government's Opposition to the Motion to Quash and all exhibits or attachments, the
3 government's Motion to File Opposition Under Seal and *Ex Parte*, and this Order, shall be filed under
4 seal and *ex parte*.

5 IT IS SO ORDERED.

7 DATED: 9-3-15

HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge