UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Subpoena to Testify Before Grand Jury | Case No. 15-mc-80207-JSC <br><br> **ORDER RE: MOTION TO QUASH SUBPOENA DUCES TECUM** <br><br> Re: Dkt. No. 1 |

Nikhil Bhatnagar ("Bhatnagar") moves to quash a grand jury subpoena duces tecum directing him to produce documents related to and communications with certain entities and individuals for which he served as counsel on the grounds that the materials are protected by the attorney-client and work-product privilege. (Dkt. No. 1.) The Government contends that the documents and communications furthered an ongoing or future fraud, and therefore should be ordered disclosed under the crime-fraud exception to the attorney-client privilege. (Dkt. No. 9.) The Court finds the motion suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' submissions, the Court ORDERS Bhatnagar to produce the documents and communications sought to the Court for *in camera* review.

**BACKGROUND**

Bhatnagar is an attorney admitted to practice in California. (Dkt. No. 4 ¶ 1.) At some point in 2012, Bhatnagar interviewed with a law firm for a full-time position. (*Id.* ¶ 3.) Bhatnagar thought that one of the men who interviewed him was an attorney associated with the law firm, but he later learned that he was a real estate developer associated with various commercial entities. (*Id.* ¶ 3.) The firm did not offer Bhatnagar a full-time position, but instead hired him on a contract basis. (*Id.* ¶ 4.) Bhatnagar performed legal work for the firm between June 2012 and March 2014.

1  Much of the work he did involved representing the real estate developer's companies in litigation
2  against the same defendant. (*Id.* ¶¶ 4-9.) In each case, Bhatnagar represented the companies in an
3  action to set aside a deed of trust to residential property in favor of the defendant. (*Id.*) Each case
4  resulted in a stipulated judgment cancelling the deeds. (*Id.*)

As it turns out, the litigation that Bhatnagar worked on is the subject of an ongoing investigation into real estate fraud. (*See generally* Dkt. No. 9-2.) Bhatnagar initially spoke with investigating agents, but declined to discuss the matter further in light of his obligation not to disclose privileged information. (Dkt. No. 4 ¶ 10.) The government subsequently issued a grand jury subpoena duces tecum on March 25, 2015 directing Bhatnagar to produce "any and all documents and communications related to or involving" the entities and individuals involved in the supposed fraud, which includes Bhatnagar's former clients. (Dkt. No. 4-1 at 7.) The subpoena also directs Bhatnagar to produce "any and all communications and documents between him and the [firm] in connection with the residential property dealt with in the lawsuits. (*Id.*) Bhatnagar's motion to quash followed, in which he candidly submits that the crime-fraud exception may well apply, but a court order is required to make such determination. (*See* Dkt. No. 2 at 4-6.) The government has submitted a declaration by the investigating agent outlining the evidence of fraud uncovered in its investigation to date, and describing Bhatnagar's role in relation to the fraud. (Dkt. No. 4-1.) The Court has reviewed this evidentiary submission *in camera*. The government urges the Court to deny Bhatnagar's motion to quash and order the documents disclosed.

## DISCUSSION

A party seeking disclosure of attorney-client communications or attorney work product under the crime-fraud exception bears the burden of demonstrating that the privilege does not apply. Specifically, "[a] party seeking to vitiate the attorney-client privilege [or work product doctrine] under the crime-fraud exception must satisfy a two-part test." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009); *see also United States v. Edison*, No. 07-cr-00074 WHA, 2008 WL 170660, at *5 (N.D. Cal. Jan. 17, 2008) (noting that the crime-fraud exception,

most commonly applied to attorney-client communications, "applies with equal force in the work-product setting"). First, the party must show that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." *In re Napster, Inc. Copyright Litig.*, 479 F.3d at 1090 (citing *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996)). "Second, it must demonstrate that the attorney-client communications for which production is sought are 'sufficiently related to' and were made '*in furtherance of* [the] intended, or present, continuing illegality." *Id.* (quoting *In re Grand Jury Proceedings*, 87 F.3d at 381) (emphasis and alterations in original).

The government must raise more than a mere suspicion of illegal activity, *United States v. Martin*, 278 F.3d 988, 1001 (9th Cir. 2002) (citation omitted); rather, "the exception only applies when there is reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme."[1] *Id.* (internal quotation marks and citation omitted). In this context, reasonable cause is "more than suspicion but less than a preponderance of the evidence." *United States v. Chen*, 99 F.3d 1495, 1503 (9th Cir. 1996). It means "evidence that, if believed by the jury, would establish the elements of an ongoing violation." *Id.* (internal quotation marks and citation omitted). Thus, "the Government must [only] make a prima facie showing that a crime has been committed, and demonstrate the nexus between the prima facie showing and the communications sought." *United States v. Kerr*, No. CR 11-2385-PHX-JAT, 2012 WL 2919450, at *2 (D. Ariz. July 17, 2012) (citing *In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985)). The prima facie showing must be made from evidence independent of the purportedly privileged communications. *In re Grand Jury Proceedings*, 867 F.2d at 541. The scope of reviewable evidence is broad, "because the Court is not bound by the hearsay rules in making the initial determination of whether a privilege applies." *Roe v. White*, No. CV 03-4035-CRB-NC, 2014 WL 842790, at *3 (N.D. Cal. Feb. 28, 2014) (citing Fed. R. Evid. 104(a) and *United States v. Zolin*, 491 U.S. 554, 574 (1989)).

---

[1] The standard is different in civil cases than in grand jury cases. *See In re Napster, Inc. Copyright Litig.*, 479 F.3d at 1094-95. In "a civil case the burden of proof that must be carried by a party seeking outright disclosure of attorney-client communications under the crime-fraud exception [is] preponderance of the evidence." *Id.*; *see, e.g., Roe*, 2014 WL 842790, at *3.

3

1    Importantly, "[t]he attorney need not himself be aware of the illegality involved; it is
2    enough that the communication furthered, or was intended by the client to further, that illegality."
3    *United States v. Friedman*, 445 F.2d 1076, 1086 (9th Cir. 1971) (citation omitted); *see also United*
4    *States v. Laurins*, 857 F.2d 529, 540 (9th Cir. 1998) (noting that the crime-fraud exception applies
5    even if "the attorney is unaware that his advice may further an illegal purpose"). Instead,
6    "[b]ecause both the legal advice and the privilege are for the benefit of the client, it is the client's
7    knowledge and intent that are relevant." *In re Napster, Inc. Copyright Litig.*, 479 F.3d at 1090
8    (citations omitted).

9    The Ninth Circuit permits district courts to examine evidence of the crime-fraud exception
10   *in camera* to determine whether the exception eviscerates attorney-client privilege or work-
11   product doctrine where disclosure of sensitive grand jury materials could seriously impede the
12   function of the grand jury. *In re Grand Jury Proceedings*, 867 F.2d at 540 (citation omitted); *see*
13   *also In re Grand Jury Proceedings*, 2009 WL 226163, at *1 (9th Cir. Jan. 23, 2009) (stating that a
14   district court has discretion to review the government's evidence in support of the crime-fraud
15   exception *in camera*). At bottom, once the Court finds reasonable cause to believe that an
16   attorney's services were employed in furtherance of a crime—whether by *in camera* review of
17   evidence or otherwise—"the seal of secrecy is broken." *Clark v. United States*, 289 U.S. 1, 15
18   (1933).

19   Where the party challenging the privilege lacks sufficient evidence to establish reasonable
20   cause to believe the crime-fraud exception applies, the court may instead review the actual
21   documents sought *in camera* if the moving party can meet a lower threshold. Specifically, the
22   moving party need only demonstrate a "factual basis adequate to support a good faith belief by a
23   reasonable person" that *in camera* review of the documents will reveal evidence showing that the
24   crime-fraud exception applies. *In re Grand Jury Investigation*, 974 F.2d 1068, 1072 (9th Cir.
25   1992) (citing *Zolin*, 491 U.S. at 574). Once that initial showing has been made, "the decision
26   whether to engage in *in camera* review rests in the sound discretion of the district court." *Zolin*,
27   491 U.S. at 572.
28   However, in *United States v. Christensen*, --- F.3d ----, Nos. 08-50531 *et al.*, 2015 WL

4

5010591, at *23 (9th Cir. Aug. 25, 2015), the Ninth Circuit implied that the two-step *Zolin* analysis is always required, even if the government has met the higher "reasonable cause" burden. *See id.* at *24 ("*Zolin* requires a district court to follow a two-step ex parte process to determine whether the crime-fraud exception applies to potentially privileged materials.") (citing *Zolin*, 491 U.S. at 572).  The *Christensen* court determined that the district court erred by not applying *Zolin*'s two-step framework initially, but found the error harmless because the court "recognized its own error and reconsidered its decision under the correct framework." *Id.* at *23.

Here, the Court's *in camera* review of the material the government submitted establishes reasonable cause to believe that there was an ongoing crime and that Bhatnagar's legal services were utilized by his client in furtherance of the ongoing unlawful scheme.  The Court declines to disclose the basis of this belief in light of the sensitive nature of the government's ongoing investigation, *see In re Grand Jury Proceedings*, 867 F.2d at 540; *In re Grand Jury Proceedings*, 2009 WL 226163, at *1, and in light of the grand jury secrecy requirements of Federal Rule of Criminal Procedure 6(e).  While earlier case law appears to hold that *in camera* review of the documents sought is therefore unnecessary given that the government has met its burden of establishing a "reasonable belief" that Bhatnagar's legal services were used by his client in furtherance of an ongoing crime, *see In re Napster, Inc. Copyright Litig.*, 479 F.3d at 1090 (citation omitted); *see also In re Grand Jury Proceedings*, 87 F.3d at 382-83, out of an abundance of caution in light of the Ninth Circuit's recent decision in *Christensen*, the Court will instead review the documents sought *in camera* under the two-part *Zolin* test to confirm that the crime-fraud exception applies.  *See Christensen*, 2015 WL 5010591, at *23.

## CONCLUSION

For the reasons explained above, the Court ORDERS Bhatnagar to submit the documents for *in camera* review by September 25, 2015.

**IT IS SO ORDERED.**

Dated: September 14, 2015

*Jacqueline Scott Corley*

5

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

6